# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0969
Lower Tribunal No. 22-6706-CA-01
_____

**Teresa Vanegas**,
Appellant,

vs.

**Citizens Property Insurance Corporation**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Shield Law Group of Florida, LLC, and Jamie Alvarez (Davie), for appellant.

Vernis & Bowling of Broward, P.A., and Evan A. Zuckerman (Hollywood), for appellee.

Before SCALES, C.J., and LOBREE, and BOKOR, JJ.

PER CURIAM.

In this first-party insurance case, appellant Teresa Vanegas, the plaintiff below, appeals an April 17, 2025 order entering final summary judgment in favor of her insurer, the defendant below, appellee Citizens Property Insurance Corporation ("Citizens"). In the challenged judgment, the trial court determined that Citizens was relieved of its duty to provide coverage for a loss allegedly caused by Hurricane Irma because (i) Vanegas materially breached her homeowner's insurance policy by failing to timely notify Citizens of the loss, and (ii) Vanegas failed to adequately rebut the presumption of prejudice resulting from the untimely notice.

On our *de novo* review of the summary judgment evidence,[1] we affirm the judgment. The undisputed facts establish that Vanegas failed to substantially comply with her policy's post-loss obligation to promptly notify Citizens of the Hurricane Irma loss. See Navarro v. Citizens Prop. Ins. Corp.,

---

[1] See Arce v. Citizens Prop. Ins. Corp., 388 So. 3d 205, 208 n.2 (Fla. 3d DCA 2024) ("We . . . review the summary judgment record *de novo* to determine: (i) whether Citizens – which bore the burden of persuasion at trial on its affirmative defense that Insureds had materially breached the subject policy's prompt notice provision – met its initial summary judgment burden of showing that its affirmative defense was applicable; and (ii) if so, whether Insureds met their summary judgment burden of citing to material in the record that established the presence of a genuine dispute of material fact as to the applicability of the affirmative defense that would preclude entry of summary judgment in Citizens' favor.").

353 So. 3d 1276, 1280 (Fla. 3d DCA 2023). The conclusory report and affidavit of Vanegas's engineer were insufficient to rebut the presumption of prejudice to Citizens resulting from Vanegas's untimely notice of the loss. See Bouchard v. Citizens Prop. Ins. Corp., 406 So. 3d 311, 314 (Fla. 3d DCA 2025); Perez v. Citizens Prop. Ins. Corp., 343 So. 3d 140, 143-44 (Fla. 3d DCA 2022).

Affirmed.